JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant John P. Carlin appeals the judgment of the trial court revoking his probation and sentencing him to a prison term of two years. In 1995, Carlin pleaded guilty to five counts of gross sexual imposition. The trial court sentenced him to two years on each count with the sentences to run consecutively. The sentence for one count was suspended, and for that count, Carlin was placed on probation for five years. The probation was to begin upon the completion of his prison term. On January 9, 2004, a probation-violation charge was filed against Carlin, alleging that he had violated three rules of his probation. Carlin pleaded guilty to a violation of one of the rules. The trial court subsequently revoked Carlin's probation and sentenced him to the two years that had been suspended.
Pursuant to Anders v. California,[1] Carlin's appointed counsel has advised this court that, after a thorough review of the record, she can find nothing that would arguably support Carlin's appeal, and she has moved this court for permission to withdraw as counsel. Under Anders, this court is now charged with the task of independently reviewing the record for any prejudicial errors that would warrant the reversal of the trial court's judgment. We have done so, and we concur in counsel's conclusion that the proceedings below were free of error prejudicial to Carlin.
We, therefore, overrule counsel's motion to withdraw from her representation of Carlin and affirm the judgment of the trial.
Our determination that the proceedings below were free of prejudicial error also compels our conclusion that there were no reasonable grounds for this appeal. But, due to Carlin's indigency, we allow no penalty.
Further, a certified copy of this Judgement Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.